FILED

SEP 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REBECCA LOOMIS,

        Plaintiff - Appellant,

  v.

STATE OF WASHINGTON, Department
of Licensing,

        Defendant - Appellee.

No. 11-35840

D.C. No. 3:10-cv-05332-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted August 29, 2012
Seattle, Washington

Before: SCHROEDER and GOULD, Circuit Judges, and RAKOFF, Senior District
Judge.[**]

      Rebecca Loomis appeals from the district court's order granting summary

judgment to the State of Washington, Department of Licensing ("DOL"), on

Loomis's claim of wrongful termination in violation of public policy. Loomis

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The Honorable Jed S. Rakoff, Senior United States District Judge for the
Southern District of New York, sitting by designation.

alleges that she was terminated for opposing a contract extension as a violation of section 43.19.1906 of the Revised Code of Washington and for expressing her concerns about a DOL employee accessing driver information in violation of 18 U.S.C. § 2721.

To prevail on her claim, Loomis has to show that discouraging her conduct would jeopardize a clear public policy. *Cudney v. ALSCO, Inc.*, 259 P.3d 244, 246 (Wash. 2011). Loomis's objections to the contract extension were not based on the competitive bidding policy and she eventually accepted the three-year extension. Loomis therefore cannot prove the jeopardy element because she accepted the actions that she now alleges were illegal. *See Farnam v. CRISTA Ministries*, 807 P.2d 830, 835 (Wash. 1991). Moreover, Loomis also failed to prove that DOL's actions violated the letter or purpose of the law. *Dicomes v. State*, 782 P.2d 1002, 1006 (Wash. 1989). The contract at issue was a "personal services" contract that did not require competitive bidding. Wash. Rev. Code § 39.29 (2010).

Her claim related to 18 U.S.C. § 2721 also fails because DOL acted within the law. *Bott v. Rockwell Int'l*, 908 P.2d 909, 914 (Wash. Ct. App. 1996). The district court correctly concluded that DOL employees had accessed the information for a "permissible use" under 18 U.S.C. § 2721(b).

**AFFIRMED**.